# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

RICK S. PAUL,

   Plaintiff,

v.

HEWLETT PACKARD
ENTERPRISE CO.,

   Defendant.

Case No: 16-11965
Hon. Terrence G. Berg

## OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS (DKT. 18)

### I. Introduction

In this age-discrimination case, Plaintiff Rick Paul is suing his former employer, Defendant Hewlett Packard Enterprise Co.

Defendant says that Plaintiff is barred from filing this lawsuit under the doctrine of judicial estoppel because, prior to filing this lawsuit, Plaintiff failed to disclose his age-discrimination claims in his bankruptcy case. Defendant has therefore moved for judgment on the pleadings, and in the alternative for summary judgment, and Plaintiff has opposed the motion. For the reasons outlined below, Defendant's motion is **DENIED**.

## II. Background

Plaintiff began working for Defendant in 2006. Dkt. 18, Pg. ID 86. In June of 2012, Plaintiff filed for Chapter 13 bankruptcy in the United States Bankruptcy Court for the Eastern District of Michigan. Dkt. 18, Pg. IDs 86-88. Plaintiff was required to list all personal property assets, including "[o]ther contingent claims of every nature" in Schedule B of his Chapter 13 Plan. Dkt. 18, Pg. ID 86; Dkt. 18-4, Pg. ID 136. With the assistance of his bankruptcy counsel, William Calunas, Plaintiff amended Schedules D, F, I, and J on five occasions between July 2012 and March 2013. Dkt. 18, Pg. ID 87.

In August of 2014, Plaintiff was told he was being removed from his position with Defendant and that he should apply for other openings within the company. Dkt. 21-1, Pg. ID 339. In early January 2015, Plaintiff made an internal complaint of age discrimination. Plaintiff was terminated on January 23, 2015. *Id.* at Pg. ID 340.

Plaintiff notified his bankruptcy counsel on January 26, 2015 that he was going to file a complaint with the Equal Employment Opportunity Commission, which he did on the following day. *Id*; Dkt. 18, Pg. ID 89. Plaintiff informed his bankruptcy counsel in August 2015 that mediation of the EEOC claim was futile and that the next step would be filing a lawsuit in federal court. Dkt.

21-1, Pg. ID 340. The EEOC issued a right to sue letter on March 2, 2016. Dkt. 1, Pg. ID 5. The complaint in this case was filed on May 31, 2016. Dkt. 1. Plaintiff states that he informed his bankruptcy counsel of the fact that the federal lawsuit was filed in July 2016. Dkt. 21-1, Pg. ID 340.

Plaintiff states that he was unaware that he needed to amend his bankruptcy schedules to reflect the fact that he had made a claim for damages, that he relied on his bankruptcy counsel to advise him of such an obligation, and that if he had been so advised, he would have instructed his counsel to amend the schedules. *Id.* at Pg. ID 341. Prior to filing this lawsuit, however, Plaintiff had not amended Schedule B of his plan to reflect his age-discrimination claim as one of his assets as required by 11 U.S.C. § 521(a)(1)(B).

On January 13, 2017, Defendant filed this motion for judgment on the pleadings, which sought to have Plaintiff's complaint dismissed on judicial estoppel grounds because Plaintiff had not disclosed this claim to the bankruptcy court. Dkt. 18. After learning of his obligation to amend his schedules, Plaintiff discharged his former bankruptcy counsel and instructed new counsel to correct his schedules. Dkt. 21-1, Pg ID 341. The amended schedules reflecting this claim were filed on March 28, 2017. Dkt. 31-4, Pg. ID 1,680.

Defendant's motion for judgment on the pleadings, and in the alternative for summary judgment is now before the Court. Dkt. 18. Plaintiff opposes the motion. Dkt. 21.

Having considered the Parties' arguments, the Court concludes that oral argument would not help the Court resolve Defendant's motion. Thus, the Court will decide the motion based on the Parties' written submissions. *See* E.D. Mich. LR 7.1(f).

## III. Standard of Review

The Parties dispute under which Federal Rule of Civil Procedure the Court should review Defendant's motion. Defendant argues that because it relies solely on the pleadings, EEOC documents referenced in Plaintiff's complaint, and Plaintiff's bankruptcy pleadings (which are matters of public record), the Court should decide the motion using Rule 12(c) (which relates to judgment on the pleadings). Dkt. 18, Pg. ID 91. In response, Plaintiff submits that the appropriate standard of review is that of Rule 56 (which relates to summary judgment). Dkt. 21, Pg. ID 329. To resolve Defendant's motion, the Court need only consider matters of public record, so the Court will not convert Defendant's motion into one for summary judgment. *See JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007) (stating that courts use the same standard of review for motions brought pursuant to Rule 12(c) as they do for motions brought pursuant to Rule 12(b)(6));

4

*New England Health Care Employees Pension Fund v. Ernst & Young, LLP*, 336 F.3d 495, 501 (6th Cir. 2003) (noting that when deciding a Rule 12(b)(6) motion, a court "may consider materials in addition to the complaint if such materials are public records or are otherwise appropriate for the taking of judicial notice").

When reviewing a motion for judgment on the pleadings, the merits of the claims are not at issue. Instead, the Court must take as true "all well-pleaded material allegations" and may grant the motion only if "the moving party is nevertheless clearly entitled to judgment." *Southern Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 479 F.2d 478, 480 (6th Cir. 1973). But the Court "need not accept as true legal conclusions or unwarranted factual inferences." *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999).

**IV. Analysis**

Defendant argues that the Court should apply the doctrine of judicial estoppel to prevent Plaintiff from pursuing this case because Plaintiff failed to amend his bankruptcy schedules to include his age discrimination claim as an asset. Dkt. 18, Pg. IDs 93-102. Plaintiff responds that he informed his bankruptcy attorney of this claim multiple times but that his attorney never informed him of his duty to amend his bankruptcy materials. Dkt. 21, Pg. ID 334. Defendant replies that, so long as Plaintiff has not amended his bankruptcy schedules, what Plaintiff told his bank-

5

ruptcy attorney does not matter because Plaintiff is bound by his attorney's action (or, here, inaction). Dkt. 23, Pg. ID 368.

Judicial estoppel is an equitable doctrine that protects "the integrity of the courts by preventing a party from abusing the judicial process through cynical gamesmanship." *White v. Wyndham Vacation Ownership, Inc.,* 617 F.3d 472, 476 (6th Cir. 2010). The Court may apply judicial estoppel if a party "(1) assert[s] a position that is contrary to one that the party has asserted under oath in a prior proceeding, where (2) the prior court adopted the contrary position either as a preliminary matter or as part of a final disposition." *Id.*

Even if these elements are satisfied, "judicial estoppel is inappropriate in cases of conduct amounting to nothing more than mistake or inadvertence." *Id.* A party's failure to report a claim to a bankruptcy court may be declared inadvertent: "(1) where the debtor lacks knowledge of the factual basis of the undisclosed claims, and (2) where the debtor has no motive for concealment." *Id.* Furthermore, if the record establishes knowledge of the claim and motive for concealment, a party can prevent judicial estoppel by showing an "absence of bad faith." *Id.* at 476. In order to show an absence of bad faith, a party must provide evidence of efforts taken to correct the initial omission. *Id.* at 480. The court weighs

the timing, extent, and effectiveness of those efforts to determine whether to apply judicial estoppel. *Id*.

Here, there is no dispute that Plaintiff, by failing to amend his schedules accordingly, has asserted a position in this lawsuit (that he has an age-discrimination claim entitling him to a possible financial recovery) that is contrary to the position he asserted in his bankruptcy proceedings (that he has not such claims). There is also no dispute that the bankruptcy court relied on Plaintiff's contrary position as a preliminary matter. Even more, Plaintiff had knowledge of the factual basis underlying his claim during at least a portion of the time during which he did not amend his bankruptcy schedules; Plaintiff first complained of age discrimination in December of 2014, but did not complete his amendment until March of 2017. Dkt. 1, Pg. ID 4; Dkt. 31-4, Pg. ID 1,680. Nor is there a dispute that Plaintiff had a motive to conceal his claim from the bankruptcy court—debtors who omit claims from their bankruptcy schedules always have a motive to conceal because "[i]t is always in a Chapter 13 petitioner's interest to minimize income and assets." *Lewis v. Weyerhaeuser Co.*, 141 Fed.Appx. 420, 426 (6th Cir. 2005) (internal citations omitted). Thus, the question for this Court is whether Plaintiff's efforts to correct his initial omission demonstrate an absence of bad faith.

7

Two cases are particularly instructive to the Court's analysis. In *White v. Wyndham Vacation Ownership, Inc.,* 617 F.3d 472 (6th Cir. 2010), the plaintiff attempted to correct a similar initial omission by filing with the district court an affidavit from her attorney stating that he had discussed plaintiff's claim during a bankruptcy hearing. However, the affidavit lacked specific information regarding the alleged corrections, and a transcript of the hearing contained no record of the alleged discussion. *Id.* at 480-81. The plaintiff also sought to correct her initial omission by filing with the bankruptcy court an application to employ counsel, which identified the existence of a lawsuit, but did not state whether the plaintiff was the plaintiff or the defendant. *Id.* Both the affidavit and the application were submitted prior to the defendant's motion for summary judgment raising the judicial estoppel issue. *Id.* at 480.

After the defendant filed its summary judgment motion, the plaintiff partially amended her "Statement of Financial Affairs" to reflect her harassment claim, but her amendment did not "adequately fix" her filings, it "only updated a part of them." *Id.* at 481. The Sixth Circuit affirmed the application of judicial estoppel to bar the lawsuit, noting that the plaintiff's attempts to correct her omission were "limited and ineffective." *Id.* at 482.

In *Eubanks v. SBSK Fin. Grp., Inc.,* 385 F.3d 894 (6th Cir. 2004), the plaintiffs amended their bankruptcy schedules to list the defendant as a creditor, attempted to amend their schedules a second time, and put the court on notice of the relevant claim through correspondence, motions, and status-conference requests. *See Eubanks,* 385 F.3d at 898-99. The Sixth Circuit reversed the application of judicial estoppel against the plaintiffs' claim. *Id.* at 899. When commenting on *Eubanks*, the *White* panel explained that *Eubanks* reflected "numerous, effective attempts to correct the initial omission before (and after) the defendant in that case filed a motion to dismiss based on a claim of judicial estoppel." *White,* 617 F.3d at 483.

When considering a plaintiff's efforts to correct an initial omission in a bankruptcy proceeding, the Court must consider the timing, extent, and effectiveness of the efforts. *White,* 617 F.3d at 480. Corrective efforts taken before a defendant moves to dismiss the case are more important than efforts taken after such a motion. *Id.* Here, Plaintiff's actions fall somewhere between the half-hearted, unsuccessful efforts of the plaintiff in *White* and the extensive, successful efforts of the plaintiffs in *Eubanks*:

| | *White* | *Paul* | *Eubanks* |
|---|---|---|---|

| | | | |
|---|---|---|---|
| Effort to correct omission made prior to motion raising judicial estoppel? | ✓ | | ✓ |
| Successful amendment of bankruptcy schedules? | | ✓ | ✓ |

Plaintiff did not attempt to correct his omission until after Defendant filed its motion to dismiss, but afterwards—albeit four months afterwards—successfully amended his bankruptcy schedule to reflect his cause of action. *See* Dkt. 31. In other words, the Court must decide whether Plaintiff's ultimate success in amending his bankruptcy schedule outweighs his delay in doing so.

Whether to take a "better late than never" approach and permit Plaintiff to continue his lawsuit depends on how the Court weighs two important policy interests at stake. First, there is the interest in preserving the integrity of the courts. To maintain that integrity, it is important to prevent "a party from abusing the judicial process through cynical gamesmanship." *White*, 617 F.3d at 476. Applying judicial estoppel to a party who updates his or her bankruptcy documents only after a dispositive motion points out his or his omission is one method of discouraging such gamesmanship; it takes away any benefit that a party might have received had they

omitted the asset on purpose in an attempt to dupe the bankruptcy court. Second, there is the policy interest of assisting prevailing creditors to recover as much of their debt as possible from a debtor who has declared bankruptcy. Permitting a debtor's lawsuit to continue once she has successfully amended her bankruptcy schedules to include the omitted asset of a claim serves the policy of assisting creditors to potentially recoup more of their losses (should the creditor prevail).

Both of the above policy interests are important, but the former serves the latter; courts work to resolve disputes by providing a means for harmed parties to seek redress for their injuries. Maintaining the integrity of the courts serves to ensure that the court system functions properly. Judicial estoppel should be applied with caution to avoid impinging on the truth-seeking function of the court. *See Eubanks*, 385 F.3d at 897 (citing *Teledyne Indus., Inc. v. NLRB,* 911 F.2d 1214, 1218 (6th Cir. 1990)). If the Court were to apply judicial estoppel here, Plaintiff would lose the ability to prosecute what could be a valid age discrimination claim against the Defendant, and Plaintiff's creditors would see a potential asset vanish.

Reviewing the record in this case, the Court finds that Plaintiff's conduct here more closely resembles that of the plaintiff in *Eubanks* than in *White*. Plaintiff asserts that he repeatedly in-

11

formed his former bankruptcy counsel of this claim in this case, relying on counsel's expertise in recognizing the need to amend the bankruptcy schedules. When he learned that such amendment was required but had not been completed, Plaintiff discharged his former bankruptcy counsel, retained new counsel, and the schedules have now been amended. By successfully amending his bankruptcy schedules, Plaintiff has demonstrated an absence of bad faith in his initial omission. Given Plaintiff's absence of bad faith, the application of judicial estoppel is inappropriate here.

## V. Conclusion

For the foregoing reasons, Defendant's motion is **DENIED**.

**SO ORDERED.**

Dated: August 25, 2017   s/Terrence G. Berg
                                      TERRENCE G. BERG
                                      UNITED STATES DISTRICT JUDGE

**Certificate of Service**

I hereby certify that this Order was electronically filed, and the parties and/or counsel of record were served on August 25, 2017.

                                      s/A. Chubb
                                      Case Manager